THE MAYOR AND ALDERMEN OF JERSEY CITY v. HENRY H. KLINE ET AL.

The sureties upon a constable's bond in Jersey City are not responsible for the failure of that officer to pay over moneys which he has collected upon the levy of tax warrants placed in his hand for collection by a justice of the peace. The execution of such warrants is not within the official duty of a constable.

On demurrer to declaration.

The *narr.* is upon an official bond given by Henry H. Kline, a constable of the fifth aldermanic district of Jersey City.

The condition of the bond is, that if the said Henry H. Kline should truly and faithfully perform all the duties enjoined on him as constable of said aldermanic district, then the above obligation to be void, otherwise to remain in full force and virtue. The breach assigned is that, during the year 1876, at divers times, James H. Love, collector of Jersey City, did cause to be delivered unto the said Henry H. Kline, through Frederick T. Farrier, justice of the peace in and for the county of Hudson, divers tax warrants, amounting in the aggregate to the sum of $631.13, which warrants commanded said Kline that he levy the tax so in arrear, &c.; that said delinquents did pay unto the said Kline, as constable as aforesaid, said debts and costs in the said several tax warrants directed to be levied, yet the said Kline hath wholly failed and neglected to pay over to the said plaintiffs, or to

the said justice of the peace, the said debts and costs, or any part thereof, although often requested so to do.

Argued at February Term, 1879, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the demurrer, *M. T. Newbold.*

*Contra, H. Traphagen* and *L. Abbett.*

The opinion of the court was delivered by

REED, J.   Outside of the provisions for the sale of realty upon which taxes are a lien, by the board of finance and taxation, the only direction for the collection of taxes in Jersey City is found in section one hundred and forty-one of the charter of 1871.   *Laws of* 1871, *p.* 1153.

That section provides, in substance, that the assessors shall file with the clerk of the city a transcript or duplicate of the assessment of taxes levied in the city, on or before the 1st day of August,   *   *   *   and shall deliver another transcript to the clerk of the board of finance and taxation, and said last transcript shall be delivered to the city collector, who shall proceed to collect the taxes so assessed, according to law.   Upon referring to the general tax law, the only discoverable portion upon which the duty of a constable to levy a tax warrant directed against a delinquent can be placed, is contained in the act of 1846, now sections eighteen, twenty-one and twenty-two of the revision.   *Rev., p.* 1143.   Those sections direct the assessor to deliver a list of delinquents to a justice of the peace, who shall issue a warrant to a constable, and the constable shall be by said warrant directed, among other things, to pay the tax, for which said warrant is issued, to the collector.

Upon the assumption that these sections exist now as originally drafted, yet the *narr.* discloses no breach of official duty on the part of the defendant.   His duty, under this law, was to pay the collected moneys to the collector, and not to the mayor and aldermen of Jersey City, or the justice of the

peace. Hence an assignment that the said Kline hath wholly failed and neglected to pay over to the said plaintiffs, or to the said justice of the peace, is bad. *Hugg* v. *Inhabitants of Camden, Spenc.* 583.

But there is another difficulty in the way of the plaintiff. These sections have been so modified that the warrants go no longer to a constable, but to the collector. By one of the provisions of the act of 1866, which is now section eighty-seven of the revised tax act, it is provided that the warrants thereafter issued for the collection of delinquent taxes in the townships, boroughs, towns, cities, districts or wards of the state shall be directed to the collector of said township, &c. The effect of this section was to dispense with the constable in the collection of delinquent taxes, and to put in his place the collector. *McEachron et al.* v. *Inhabitants of the Township of New Providence*, 6 *Vroom* 528.

The declaration discloses no breach of official duty, and there must be judgment for the demurrant, with costs.